

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00239-CV

IN THE INTEREST OF A.R.P., A CHILD

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2023-AD-0016, Honorable John C. Grace, Presiding

August 20, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, J.P., appeals from the trial court's *Order Granting Termination as to Respondent J.P.*, terminating her parental rights to her child, A.R.P. We dismiss the untimely appeal for want of jurisdiction.

The trial court signed the order of termination on June 7, 2024. *See* TEX. FAM. CODE ANN. § 161.206. A notice of appeal was due within twenty days after the order was signed, by June 27, 2024. *See* TEX. R. APP. P. 26.1(b) (governing accelerated appeals), 28.4(a) (accelerating appeals in parental termination cases). J.P. filed a notice of appeal and a motion for an extension of time on July 19, 2024, after the expiration of the fifteen-

day extension period. *See* TEX. R. APP. P. 26.3. In her motion for extension, J.P. mistakenly states that the notice of appeal was due thirty days after the order was signed.

A timely notice of appeal is essential to invoking this Court's jurisdiction. *See* TEX. R. APP. P. 25.1(b), 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of those rules, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* *Verburgt*, 959 S.W.2d at 616; TEX. R. APP. P. 2 (providing that appellate courts may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal). For this reason, we must deny J.P.'s motion for an extension of time to file a notice of appeal.

Because J.P.'s late notice of appeal failed to invoke the jurisdiction of this Court, we dismiss her appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Per Curiam